Green, J.
delivered the opinion of the court.
T. F. Bradford, John Tilman and Clement Cannon entered into partnership, by articles dated 20th January, 1836, to put in operation a manufacturing establishment on Duck river, in Bedford county, which was to continue for ten years. The establishment was tobe constructed upon Cannon’s land, which he was to convey to the company so soon as Bradford and Til-man should select the site; the land to be valued at $3,000, and to be Cannon’s share of the capital. Bradford and Tilman were to vest the sum of $9,000 in the construction of a dam, factory house and in the purchase of machinery; and their share as partners was to be three-fourths, and that of Cannon one-fourth of the concern.
Either partner was permitted to dispose of his share to whomsoever he chose, by written assignment, which was to be entered on the books of the company. Bradford and Tilman selected a site and proceeded to the erection of a dam and house, and the procurement of machinery, and have done work, and purchased machinery to the value of between five and ten thousand dollars. Tilman assigned his interest to Bradford, *638 who subsequently conveyed all his Interest to the complainants in trust for the payment of debts. The trustees desire to sell Bradford’s interest in the establishment as they are authorized by the deed, but cannot do so advantageously, until Cannon conveys the legal title to the company as he stipulated in the articles of co-partnership to do. Cannon refusés to make said conveyance, and this bill is brought to enforce a specific execution of the agreement.
We think Cannon has no ground to resist the execution of the agreement. In the articles of co-partnership he agreed to convey so soon as the site should be selected. The execution of his conveyance was not to depend upon any thing which was to be done by his co-partners. They had a right to demand his conveyance, before they put a dollar’s worth of labor and material on his land, and upon his refusal to convey, they might have maintained an action of covenant against him, immediately after they had selected the site. It is true a court of equity, upon a mere breach of his covenant, would not have enforced a specific execution but would have left the parties at law to settle their legal liabilities there. But so soon as the other partners show, that they have gone on in execution of their part of the agreement, and have expended large sums in the construction of a dam and house, they present a consideration that will move the conscience of a chancellor. It is then rendered inequitable that he should withhold the legal 'title from his co-partners, and thereby prevent them from the enjoyment ■of their share of the property, in the way most beneficial to them. They have a right to dispose of their shares by assignment to others, but he will not enable them to make a title to .their vendees.
In order to enforce the execution of this contract on the part of Cannon, it is not necessary that we should be satisfied, that the other partners have invested the full .sum of nine thousand dollars in the establishment.
The enquiry ordered by the chancellor was proper enough, with a view to inform his conscience, whether there had been such investment by the assignors of the complainants as would constitute a sufficient consideration to move a court of chancery *639 in their behalf. But we do not regard the account which has been, taken, as having any thing to do with the case in any other-point of view.
The parties do not come here for an account. They come for a specific performance, and the account is a mere incident, with a view to ascertain whether the main objects of the bill ought to be granted. Without indicating, therefore, whether all the items of this account should be allowed, when the rights of the parties cometo be finally adjusted, it is enough to assume, that there has been a large expenditure of money upon this work, and that it is, therefore, inequitable for Cannon to withhold the title.
But it appears from the proof, that T. F. Bradford is dead, and his heirs and legal representatives have not been made parties. This must be done before any decree can be made, substituting the complainants to his rights, under the articles of co-partnership.
The decree must be reversed, and the cause remanded to the chancery court at Shelbyville, to the end, that proper parties be made, in order to a final decree.